HORACE HALL ET AL., PROSECUTORS, v. JOSEPH A. CORIO, JUDGE, ETC., DEFENDANT.

Submitted October 4, 1938—Decided February 6, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *Glenn & Glenn.*

For the defendant, *Edmund C. Gaskill* and *James A. McMenamin, Jr.*

The opinion of the court was delivered by

DONGES, J. The writ brings up an order made by the judge of the Juvenile Court of the county of Atlantic on the 3d day of January, 1931, and the bond and proceedings on a complaint of Minnie Hall against prosecutor Horace Hall.

The order of events, as discovered by the state of the case, is that, on or about November 21st, 1930, Minnie Hall, wife of prosecutor, made complaint that he was "a disorderly person, in that he abandoned, deserted and willfully refused or neglected to provide for and maintain his family;" that, on November 22d, 1930, Judge Corio made an order, on a complaint charging prosecutor with "abandoning, deserting and willfully refusing or neglecting to support his family," that he pay $7 weekly for the support of his family, "until the criminal case against defendant is terminated;" that, on the same day, prosecutors, Horace Hall and Elizabeth E. H. Hall, entered into bond for the faithful performance of said order. What disposition was made of the criminal proceeding referred to does not appear.

Thereafter, on or about December 1st, 1930, Minnie Hall filed a petition in said court, alleging that prosecutor did not provide for her support and praying that the court make such order as was necessary and just; and on January 3d, 1931, the Juvenile and Domestic Relations Court of the county of Atlantic ordered prosecutor to pay the sum of $10 weekly from December 27th, 1930. Bond was given by Horace Hall and said Elizabeth E. H. Hall for the faithful performance of this order.

On or about May 5th, 1932, Hall filed a petition praying for the reduction of said order for the payment of $10 weekly, and an order to show cause why the order should not be modi-

fied was granted by the judge, but, so far as appears, no action was taken thereon.

Prosecutor now urges that the court was without jurisdiction to hear and determine the matter because the complaint alleged prosecutor was a disorderly person, and, therefore, should have been made by the overseer of the poor of Atlantic City. He relies upon *R. S.* 2:204-2. It appears, however, from the recitals that the court made the first order upon a complaint alleging desertion and non-support. There is no allegation that the order was made upon the complaint alleging that prosecutor was a disorderly person. Nor does it appear who made the complaint upon which the order was based.

But apart from the question of the propriety of the complaint as a disorderly person, it appears that upon a verified petition alleging desertion and non-support, a new order was made on January 3d, 1931, requiring prosecutor to pay $10 weekly. Was this proceeding within the jurisdiction of the court?

The act creating the Juvenile and Domestic Relations Court (*Pamph. L.* 1929, *p.* 274, amended *Pamph. L.* 1935, *p.* 914, now *R. S.* 9:18-14) provides, under the heading "Concurrent Jurisdiction:" "The court shall have jurisdiction to hear and determine in a summary manner disputes and complaints involving the domestic relation where the gravamen of the complaint is the failure to provide support or adequate support, or desertion." It is further provided: "It shall have jurisdiction to hear and determine complaints for the violation of the following laws: subtitle 15 of the title Administration of Civil and Criminal Justice (2:201-1 *et seq.*)." This covers the provision that a person who deserts his family shall be deemed a disorderly person, and this provision was contained in the act of 1929 creating the court, which gave the court jurisdiction to hear and determine complaints under "An act concerning disorderly persons," *Pamph. L.* 1898, *p.* 942, § 17, covering complaints of desertion.

By section 5 of the act of 1929 and by *R. S.* 9:18-21, it is provided: "Proceedings before the court shall be instituted

by a complaint or petition, and shall be verified by the oath of the persons making the same, which complaint or petition may be made on information or belief." It does not require the overseer of the poor to make the complaint.

It appears that the order complained of was made upon a duly verified petition alleging desertion. This was clearly within the competence of the court. The attack upon the jurisdiction of the court is, therefore, without merit.

There does not appear to be any order requiring the filing of a bond. This act appears to have been voluntary and is not subject to review in this proceeding.

The conclusion that the court had jurisdiction renders unnecessary any determination of the question of laches.

The order under review will be affirmed, and the writ discharged, with costs.